**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JONATHON SILVERSKY, | No. 18-70281 |
| Applicant, | |
| v. | ORDER* |
| MICHAEL FLETCHER, | |
| Respondent. | |

Application to File Second or Successive
Petition Under 28 U.S.C. § 2254

Argued and Submitted May 14, 2019
Seattle, Washington

Before:     HAWKINS, W. FLETCHER, and BENNETT, Circuit Judges.

Montana state prisoner Jonathon Silversky's ("Silversky") application for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition is denied.     Silversky has not made a prima facie showing under 28 U.S.C. § 2244(b)(2) that:

(A)   the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

(B)(i)   the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Regarding § 2244(b)(2)(A), any rule announced in *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016), "regulate[s] only the *manner of determining* the defendant's culpability" and thus is not substantive. *Montgomery v. Louisiana*, 136 S. Ct. 718, 732 (2016) (alteration in original) (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)).  The Supreme Court has not otherwise made *Williams* retroactive to cases on collateral review.  *See Tyler v. Cain*, 533 U.S. 656, 665–67 (2001).

Regarding § 2244(b)(2)(B), Silversky has not identified, let alone articulated why the newly discovered facts on which his claims rely "could not have been discovered previously through the exercise of due diligence."  28 U.S.C. § 2244(b)(2)(B).  Further, none of his claims, if proven, would show he is "actually innocent" of the crime to which he pleaded guilty.  *See King v. Trujillo*, 638 F.3d 726 (9th Cir. 2011).

Silversky's motion for a ruling on the merits (Dkt. 19) is denied as moot.

No further filings will be entertained in this case.

**DENIED.**

18-70281